UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KRISTI DURANCE,

    Plaintiff,

v.                                  Case No.:  2:25-cv-137-SPC-NPM

THE SCHOOL BOARD OF
GLADES COUNTY, FLORIDA,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Defendant The School Board of Glades County, Florida's Motion to Dismiss.  (Doc. 21).  Plaintiff Kristi Durance filed a response in opposition (Doc. 24), so the motion is ripe for review.  For the below reasons, the Court grants in part and denies in part the motion.

This is an employment-discrimination case.[1]  Plaintiff began working for Defendant as a student services director but was later promoted to principal of an elementary school.  She holds a Bachelor of Science degree in elementary education and a Master of Education in education leadership, accompanied by twenty-two years' experience working in education.  She suffers from

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff.  *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

depression and anxiety disorder, which adversely affects her ability to perform the major life activities of working, eating, and sleeping when not in remission.

Plaintiff shared her disabilities with Defendant's superintendent, who initially supported her mental-health struggles. However, this changed when Plaintiff informed Defendant's superintendent that she intended to author a book about her struggles with mental health, the mental health crisis in America, and how she coped with her struggles. The superintendent asked Plaintiff not to publish the book, but Plaintiff refused.

Around this time, Plaintiff lodged several internal complaints with Defendant regarding its failure to comply with § 504 of the Rehabilitation Act, 29 U.S.C. § 794, ("Rehab Act" or § 504) regarding a student who suffered from disabilities. Plaintiff complained that Defendant's deliberate indifference to its obligations under § 504 caused a disabled student not to obtain her needed accommodations. She specifically objected to Defendant's staff taunting and discussing the student's personal and private information and Defendant's repeated attempts to remove the student rather than provide the proper accommodations.

Only a few weeks after Plaintiff refused to pull her book and lodged her § 504 complaints, Defendant began targeting Plaintiff for termination. Plaintiff then lodged more internal complaints, this time about being subjected to harassment because of her disabilities. Defendant ignored these complaints

and instead launched an investigation into Plaintiff's conduct. On September 1, 2023, Defendant suspended Plaintiff. And on October 30, 2023, the superintendent terminated her.

Based on the foregoing, Plaintiff brings disability discrimination claims under the ADA (count I) and the Florida Civil Rights Act ("FCRA") (count II), as well as retaliation claims under the ADA (count III), the FCRA (count IV), the Rehab Act (count V), and the First Amendment under 42 U.S.C. § 1983 (count VI). (Doc. 16). Defendant moves for dismissal arguing Plaintiff fails to state a claim. (Doc. 21).

To survive a Federal Rule of Civil Procedure 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

The Court first addresses Plaintiff's ADA and FCRA disability discrimination claims (counts I and II).[2]  The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  "[T]o establish a prima facie case of employment discrimination under the ADA, a plaintiff must demonstrate that (1) [s]he has a disability, (2) [s]he is a 'qualified individual,' which is to say, able to perform the essential functions of the employment position that [s]he holds or seeks with or without reasonable accommodation, and (3) the defendant unlawfully discriminated against [her] because of the disability."  *D'Angelo v. ConAgraFoods, Inc.,* 422 F.3d 1220, 1226 (11th Cir. 2005) (quotations omitted).  Defendant attacks the first element—disability.

Defendant argues that Plaintiff fails to allege she has a disability.  The ADA defines "disability" as either "a physical or mental impairment that substantially limits one or more major life activities . . . a record of such an impairment . . . or being regarded as having such an impairment."  42 U.S.C. § 12102(1).  In turn, "major life activities" is defined to include "major bodily

---

[2] "[D]isability-discrimination claims under the FCRA are analyzed using the same framework as ADA claims."  *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255 (11th Cir. 2007).  So the Court analyzes these claims together.

function[s] including, but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions." *Id.* § 12102(2)(B).

Plaintiff alleges she suffers from depression and anxiety disorder, which adversely affects her ability to perform the major life activities of working, eating, and sleeping when not in remission. (Doc. 16 ¶ 11). This is enough to allege a "disability." *See Martin v. Sabo*, No. 8:22-CV-00640-TPB-MRM, 2023 WL 4626759, at *3 (M.D. Fla. July 19, 2023) (finding sufficient the plaintiff's allegations that he "is a former combat veteran and suffers from PTSD, depression, and anxiety that substantially limit one or more major life activities"); *Martin v. Estero Fire Rescue*, No. 2:13-CV-393-FTM, 2014 WL 2772339, at *3 (M.D. Fla. June 18, 2014) (finding sufficient the plaintiff's allegation that his anxiety and depression substantially limits his emotional system, which seriously impacts life activities).

Moving to dismiss these claims, Defendant focuses on Plaintiff's failure to allege facts demonstrating how her anxiety and depression affects her life. In support, Defendant cites *Powell v. Space Coast Credit Union*, No. 6:15-CV-550-ORL-22-TBS, 2015 WL 9664963, at *4 (M.D. Fla. Dec. 23, 2015), *report and recommendation adopted,* 2016 WL 81374 (Jan. 7, 2016). But *Powell* is distinguishable. There, the Court found the plaintiff failed to state an ADA discrimination claim because he only alleged his disability "precluded [him]

5

from performing one or more essential functions of his position," without alleging such essential functions. *Id.* Here, in contrast, Plaintiff alleges the affected essential functions—working, eating, and sleeping. Defendant offers nothing to suggest Plaintiff needs to provide anything more at this stage.[3] So counts I and II survive.

Next, Defendant moves to dismiss Plaintiff's retaliation claims under the ADA and FCRA (counts III and IV).[4] Under the ADA, it is unlawful for an employer to "discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." 42 U.S.C. § 12203(a). To state a viable retaliation claim under the ADA, "a plaintiff must plead facts that plausibly support a finding that: (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) there was a causal link between the protected expression and adverse action." *Stewart v. Jones Util. & Contracting Co.*, 806 F. App'x 738, 742 (11th Cir.

---

[3] Tellingly, the rest of Defendant's cited authority on this point are from the summary-judgment stage. (Doc. 21 at 8–9). Defendant's argument is more appropriate there.

[4] "As with disability discrimination claims, retaliation claims brought under the FCRA are analyzed under the ADA framework." *Monroe v. Fla. Dep't of Corr.*, 793 F. App'x 924, 928 (11th Cir. 2019). So the Court analyzes counts III and IV together.

2020). Defendant argues Plaintiff fails to allege she engaged in statutorily protected expression. The Court agrees.

To support her ADA and FCRA retaliation claims, Plaintiff alleges two different protected expressions: (1) authoring and publishing her book on mental illness, and (2) her internal complaints about being subjected to harassment because of her disabilities. (Doc. 16 ¶¶ 13, 15–16, 18). Given authoring a book is not opposition to unlawful conduct under the ADA, the Court doubts Plaintiff's book constitutes protected expression under the ADA or FCRA (and Plaintiff does not argue otherwise). And while internal complaints about discrimination are generally protected expression, they must be made to a superior. *See Gerard v. Bd. of Regents of State of Ga.*, 324 F. App'x 818, 825 (11th Cir. 2009) ("Statutorily protected expression includes internal complaints of discrimination to superiors[.]"); *Burns v. Alabama Power Co.*, No. 6:15-CV-02332-LSC, 2017 WL 1491304, at *6 (N.D. Ala. Apr. 25, 2017) (noting informal complaints "must be made to the employee's 'superior' so as to provide notice of the discrimination to the employer."). Plaintiff never indicates to whom she made the internal complaint. Nor does she explain the basis of the complaints. She simply states she "lodged several internal complaints regarding being subjected to harassment because of her disabilities[.]" (Doc. 16 ¶ 18). The harassment she was purportedly subjected to is unclear. So the Court cannot determine whether the complaints were

7

protected expression. Plaintiff thus fails to state a retaliation claim under the ADA or FCRA, and the Court dismisses counts III and IV.

Moving on, Defendant argues Plaintiff fails to state a retaliation claim under § 504 of the Rehab Act (count V). "[T]he prima facie case for retaliation under the Rehabilitation Act is the same as that under the ADA." *Albra v. City of Fort Lauderdale*, 232 F. App'x 885, 891 (11th Cir. 2007). Plaintiff alleges that she endured adverse employment action—termination—because she lodged several internal complaints with Defendant concerning its failure to comply with § 504 regarding a particular disabled student. Specifically, she objected to Defendant's staff taunting and discussing the student's personal and private information and Defendant's repeated attempts to remove the disabled student rather than provide the proper accommodations. (Doc. 16 ¶¶ 15–16). This is sufficient to state a Rehab Act retaliation claim. *Cf. Gadjiev v. Atlanta Indep. Sch. Sys.*, No. 1:12-CV-2700-JEC, 2013 WL 5349854, at *4 (N.D. Ga. Sept. 23, 2013) (the plaintiff's allegations that he was terminated because he informed his superiors that disabled students were not receiving appropriate education as required by law stated a retaliation claim under the Rehab Act).

Defendant's argument for dismissing this claim falls short. In a nutshell, Defendant argues Plaintiff fails to state a retaliation claim because Defendant's underlying conduct she purportedly complained about does not

8

violate the Rehab Act. But Plaintiff need not prove an underlying violation to prevail on her retaliation claim. *See Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997) ("A plaintiff, therefore, need not prove the underlying discriminatory conduct that he opposed was actually unlawful in order to establish a prima facie [retaliation] case."). Rather, Plaintiff only needs to show she "had a good faith, reasonable belief that [Defendant] was engaged in unlawful" practices. *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002); *Vickaryous v. Mason Classical Acad., Inc.*, No. 2:21-CV-903-JLB-NPM, 2022 WL 4463560, at *4 (M.D. Fla. Sept. 26, 2022) ("A complaint is protected if the complainant demonstrates a good faith, reasonable belief that the employer engaged in unlawful employment practices." (citation and quotations omitted)). Defendant never argues Plaintiff lacked a good faith, reasonable belief that Defendant violated § 504 of the Rehab Act, so Plaintiff's Rehab Act retaliation claim (count V) survives.[5]

Finally, Defendant argues Plaintiff fails to allege a First Amendment retaliation claim under § 1983 (count VI). Plaintiff claims her termination by the superintendent was in retaliation for her refusal to pull her mental-health

---

[5] To the extent Defendant intended to argue that, because the conduct Plaintiff complained about did not violate the Rehab Act, she lacked an objectively reasonable belief that its conduct was unlawful, this would still fail. *See Lett v. Wells Fargo Bank, N.A.*, 233 F. Supp. 3d 1330, 1339 (S.D. Fla. 2017) (rejecting the defendant's argument that its conduct was not unlawful so Plaintiffs could not have had an objectively reasonable, good-faith belief otherwise).

9

book. Because Defendant is a unit of local government, *Fedderman v. Palm Beach Cnty. Sch. Bd.*, No. 22-81857-CIV, 2023 WL 11963656, at *6 (S.D. Fla. July 10, 2023) ("The School Board is a unit of local government." (citation omitted)), it is not vicariously liable under § 1983 for the actions or omissions of an employee unless those actions "may fairly be said to represent [Defendant's] official policy[.]" *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Accordingly, "municipal liability attaches only where a municipal decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." *S. Atl. Companies, LLC v. Sch. Bd. of Orange Cnty., Fla.*, 699 F. App'x 842, 845–46 (11th Cir. 2017) (cleaned up and citation omitted); *see also Hill v. Clifton*, 74 F.3d 1150, 1152 (11th Cir. 1996) ("Only those officials who have final policymaking authority may render the municipality liable under § 1983.").

Plaintiff does not point to an express policy or custom. Instead, she broadly alleges the superintendent's decision to terminate her was ratified by Defendant or, alternatively, Defendant vested the superintendent with final decision-making authority. (Doc. 16 ¶¶ 82–83). "[A] municipality can be held liable on the basis of ratification when a subordinate public official makes an unconstitutional decision and when that decision is then adopted by someone who does have final policymaking authority." *Hoefling v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016). Or "[l]ocal government liability can exist

when someone with final policymaking authority delegates that authority to someone else." *Matthews v. Columbia Cnty.*, 294 F.3d 1294, 1297 (11th Cir. 2002). The problem is, Plaintiff alleges no facts to support the purported ratification or delegation. Such naked assertions are not enough to state a § 1983 claim against Defendant. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1329 (11th Cir. 2015) (concluding "naked assertions" of a policy or custom are insufficient to establish municipal liability under § 1983). So the Court dismisses count VI.

Accordingly, it is now

**ORDERED:**

Defendant's motion to dismiss (Doc. 21) is **GRANTED in part and DENIED in part**.

1. Counts III, IV, and VI are **DISMISSED without prejudice.**
2. If Plaintiff intends to file a second-amended complaint, she must do so on or before **August 19, 2025**.

**DONE** and **ORDERED** in Fort Myers, Florida, on August 4, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record