UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KRISTI DURANCE,

    Plaintiff,

v.                                  Case No.:  2:25-cv-137-SPC-NPM

THE SCHOOL BOARD OF
GLADES COUNTY, FLORIDA,

    Defendant.

## **OPINION AND ORDER**

Before the Court are Defendant The School Board of Glades County, Florida's Motion to Dismiss (Doc. 29) and Plaintiff Kristi Durance's response (Doc. 30).  For the below reasons, the Court grants in part and denies in part the motion.

This is an employment-discrimination case.[1]  Plaintiff began working for Defendant as a student services director but was later promoted to principal of an elementary school.  She suffers from depression and anxiety disorder.  Plaintiff informed Defendant's superintendent, Dr. Alice Barfield, of these disabilities.  Dr. Barfield initially supported Plaintiff's mental health

---

[1] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff.  *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

struggles. However, this position changed when Plaintiff informed Dr. Barfield that she intended to write a book about her struggles with mental health, the mental health crisis in America, and how she coped with her struggles. Dr. Barfield asked Plaintiff not to publish the book, but Plaintiff published it anyway.

Around this time, Plaintiff lodged several internal complaints with Defendant regarding its failure to comply with § 504 of the Rehabilitation Act, 29 U.S.C. § 794, ("Rehab Act" or § 504) regarding a disabled student. A few weeks later, Defendant began targeting Plaintiff for termination. Plaintiff then complained to Dr. Barfield that she was being subjected to discriminatory treatment, a hostile work environment, and adverse employment actions because of her mental health disabilities. Defendant ignored these complaints and instead launched an investigation into Plaintiff's conduct. On September 1, 2023, Defendant suspended Plaintiff. On October 30, 2023, Dr. Barfield terminated her. Defendant ratified Dr. Barfield's decision during a November 9, 2023, school board meeting. (Doc. 28).

Based on the foregoing, Plaintiff brings disability discrimination claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (count I) and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01 *et seq.* (count II), as well as retaliation claims under the ADA (count III), the FCRA (count IV), the Rehab Act (count V), and the First Amendment under 42 U.S.C.

2

§ 1983 (count VI). (*Id.*). Defendant moves to dismiss counts III, IV, and VI, arguing Plaintiff fails to state a claim. (Doc. 29).

To survive a Federal Rule of Civil Procedure 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

The Court first addresses Plaintiff's retaliation claims under the ADA and FCRA (counts III and IV).[2] Under the ADA, it is unlawful for an employer to "discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual

---

[2] "[R]etaliation claims brought under the FCRA are analyzed under the ADA framework." *Monroe v. Fla. Dep't of Corr.*, 793 F. App'x 924, 928 (11th Cir. 2019). So the Court analyzes counts III and IV together.

3

made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." 42 U.S.C. § 12203(a). To state a viable retaliation claim under the ADA, "a plaintiff must plead facts that plausibly support a finding that: (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) there was a causal link between the protected expression and adverse action." *Stewart v. Jones Util. & Contracting Co.*, 806 F. App'x 738, 742 (11th Cir. 2020). Defendant argues Plaintiff fails to plausibly allege she engaged in statutorily protected expression. The Court agrees.

To satisfy the first element, Plaintiff relies on her complaints to Dr. Barfield about being subjected to discriminatory treatment. (Doc. 28 ¶¶ 53, 62). She vaguely alleges that she lodged several internal complaints with Dr. Barfield regarding "being subjected to discriminatory treatment, hostile work environment, and adverse employment actions because of her mental health disabilities." (Doc. 28 ¶ 18). This allegation, unaccompanied by any factual support, does not plausibly demonstrate a statutorily protected expression. What treatment was she subjected to? How was the treatment discriminatory? What made the work environment hostile? What adverse employment actions did she suffer? In essence, Plaintiff alleges nothing more than: "I was subjected to discriminatory treatment, I complained about it, and then I was fired." Such conclusory allegations are insufficient. *See White v. Elegant Beauty Supplies,*

4

*#49, Inc.*, No. 22-61934-CIV, 2023 WL 3711005, at *4 (S.D. Fla. May 2, 2023) (dismissing retaliation claim because the plaintiff's vague, conclusory allegations that she complained about discrimination failed to adequately allege she engaged in a protected activity); *Wester v. Datex, Inc.*, No. 8:20-CV-1785-T-33SPF, 2020 WL 6203530, at *3 (M.D. Fla. Oct. 22, 2020) (dismissing retaliation claim because the plaintiff did "not allege the contents of the complaints she made to her supervisor" and failed "to allege what conduct she brought to her supervisor's attention and whether she complained that the conduct constituted sex discrimination").

The Court already advised Plaintiff of this pleading deficiency. In its prior Order dismissing the retaliation claims, the Court explained that (among other deficiencies) Plaintiff failed to allege the basis of her complaints. The Court specifically noted that the discriminatory treatment Plaintiff "was purportedly subjected to is unclear." (Doc. 27 at 7). As discussed, Plaintiff has not rectified this error. Given Plaintiff's repeated failure to state a retaliation claim, the Court dismisses counts III and IV with prejudice. *See Carvel v. Godley*, 404 F. App'x 359, 361 (11th Cir. 2010) ("[R]epeated failure to cure deficiencies by amendments previously allowed . . . can justify dismissal with prejudice." (cleaned up and citation omitted)).

Next, Plaintiff's First Amendment retaliation claim under § 1983 (count VI). She attempts to hold Defendant liable for Dr. Barfield's allegedly unlawful

5

decision to terminate Plaintiff. Defendant, as a municipal entity, cannot be held liable under § 1983 on a theory of *respondeat superior*. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978). But "[m]unicipal liability may arise with regards to an employment decision, such as a termination, provided that the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." *Quinn v. Monroe Cnty.*, 330 F.3d 1320, 1325 (11th Cir. 2003) (citation omitted).

There are several different ways of establishing municipal liability under § 1983. A municipality can be liable for an official policy enacted by its legislative body, when final policymakers "have acquiesced in a longstanding practice that constitutes the entity's standard operating procedure," and on a basis of "ratification" when "a subordinate public official makes an unconstitutional decision" (or recommendation) that someone with final policymaking authority adopts. *Hoefling v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016) (citations omitted). Additionally, "[l]ocal government liability can exist when someone with final policymaking authority delegates that authority to someone else." *Matthews v. Columbia Cnty.*, 294 F.3d 1294, 1297 (11th Cir. 2002). Ultimately, "municipal liability attaches only where a municipal decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." *S. Atl. Cos., LLC v. Sch. Bd. of*

*Orange Cnty., Fla.*, 699 F. App'x 842, 845–46 (11th Cir. 2017) (cleaned up and citation omitted).

As a general matter, Defendant, not Dr. Barfield, has final policymaking authority. *See, e.g.*, *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty., Fla.*, 48 F.4th 1222, 1231 (11th Cir. 2022) (determining Florida's statutory scheme makes it "clear that the school board is ultimately in charge of school-district policy and that the superintendent acts, in effect, as the school board's agent—making recommendations to the board, executing policies that the board adopts, etc."); *Nash-Utterback v. Sch. Bd. of Palm Beach Cnty.*, No. 11-CV-80513-JMH, 2012 WL 12865852, at *22 (S.D. Fla. June 8, 2012) ("The multi-member School Board, and not the Superintendent, has the final policymaking authority under Florida law" regarding personnel matters). So to establish Defendant's *Monell* liability for her termination, Plaintiff invokes theories of ratification and delegation.

Plaintiff's ratification theory falls flat. Plaintiff alleges Defendant was aware of Plaintiff's complaints regarding being subjected to disability discrimination but nonetheless ratified Dr. Barfield's unlawful decision to terminate her through a formal board vote during a November 9, 2023, school board meeting. (Doc. 28 ¶ 19). This is not enough. As the final policymaker, Defendant "must ratify not only [Dr. Barfield's] decision itself, but also the unconstitutional basis for it." *Fedderman v. Palm Beach Cnty. Sch. Bd.*, No.

7

22-81857-CIV, 2024 WL 654668, at *12 (S.D. Fla. Feb. 15, 2024) (citing *Matthews*, 294 F.3d at 1297). The allegation that Defendant ratified Dr. Barfield's decision to terminate Plaintiff with knowledge of Plaintiff's complaints does not plausibly allege Defendant ratified the *unconstitutional basis* for Dr. Barfield's decision. *See id.* at *13 (explaining that the school board's knowledge of the superintendent's unconstitutional motive for transferring the plaintiff did not, by itself, demonstrate the school board agreed with the superintendent's recommendation); *Cunningham v. Sch. Bd. of Lake Cnty.*, No. 5:15-CV-480-OC-30PRL, 2016 WL 1755612, at *6 (M.D. Fla. May 3, 2016) (finding insufficient the plaintiff's allegations that the school board "condoned" and "ratified" the superintendent's retaliation because "without a factual allegation of the School Board's intent, this allegation does not state a claim under the retaliation theory"). So Plaintiff's ratification theory falls short.

Plaintiff's delegation theory also fails. To rely on delegation for local government liability, "the delegation must be such that the decision is not subject to review by the policymaking authority." *Matthews*, 294 F.3d at 1297; *see also Chabad Chayil*, 48 F.4th at 1229–30 (11th Cir. 2022) ("This Court's decisions have consistently recognized and given effect to the principle that a municipal official does not have final policymaking authority over a particular subject matter when that official's decisions are subject to meaningful

8

administrative review." (cleaned up and citation omitted)).  But, as discussed above, Plaintiff alleges Defendant ratified Dr. Barfield's decision by vote during a properly noticed school board meeting.  Clearly then, Dr. Barfield did not have unfettered discretion to terminate Plaintiff.  *See Parnell v. Sch. Bd. of Lake Cnty., Fla.*, 731 F. Supp. 3d 1298, 1311 (N.D. Fla. 2024) ("Delegating decisionmaking discretion to [the superintendent] is not enough to make her a final policymaker under *Monell* if the Board retained the power to review the exercise of that discretion." (citation omitted)); *Cottrell v. Chickasaw City Sch. Bd. of Educ.*, 307 F. Supp. 3d 1264, 1285 (S.D. Ala. 2018) (explaining the plaintiffs failed to show the superintendent was the final policymaker "because it is undisputed that the recommendation of the superintendent must be approved via a majority vote of the Board before becoming final."); *Sherrod v. Palm Beach Cnty. Sch. Dist.*, 424 F. Supp. 2d 1341, 1346 (S.D. Fla. 2006) (concluding delegation was not a viable theory because the school board considered and voted to adopt the superintendent's recommendation to discharge the plaintiff in an open meeting).

Plaintiff tries to sidestep Defendant's review of Dr. Barfield's decision by arguing such review was not meaningful.  "To succeed in such an argument, the plaintiff needs to show that the reviewing body has defective procedures, merely 'rubber stamps' the official's decision, or ratifies the official's decision and improper motive."  *Lopez v. Gibson*, 770 F. App'x 982, 992 (11th Cir. 2019)

9

(citation omitted). Plaintiff alleges Defendant routinely includes all personnel decisions (such as terminations) on its consent agenda, and that she could not locate a single occasion in the past five years where Defendant voted against Dr. Barfield's decision. So, in her view, no meaningful review occurred "given the board *always* approves Dr. Barfield's personnel decisions." (Doc. 28 ¶ 21). But even assuming Defendant routinely adopts Dr. Barfield's personnel decisions on a consent agenda, such allegations do not identify defective procedures or suggest Defendant neglected to independently investigate Dr. Barfield's decision to terminate Plaintiff. *See Laroche v. Browning*, No. 8:21-CV-562-VMC-CPT, 2021 WL 3174211, at *3 (M.D. Fla. July 26, 2021) ("The mere fact that the School Board ultimately adopted Browning's recommendation does not suggest that the School Board did not give his recommendation meaningful review."); *see also Griffin v. City of Jacksonville, Fla.*, 762 F. App'x 965, 972 (11th Cir. 2019) (explaining the rubber-stamp or "cat's paw" theory applies when the employer "relies on an improperly motivated recommendation by a subordinate and does not independently investigate the recommendation"); *Crawford v. Carroll*, 529 F.3d 961, 979 n.21 (11th Cir. 2008) (explaining the theory applies when the neutral decisionmaker "has not independently investigated allegations of misconduct"); *Kamensky v. Dean*, 148 F. App'x 878, 880 (11th Cir. 2005) (rejecting the plaintiff's meaningful review argument because he did "not point to any cognizable defect

10

in the proceedings"); *Quinn*, 330 F.3d at 1326 (same). Besides, "[t]he existence of a reviewing board has generally been sufficient to find that the official in question did not have final policymaking authority." *Maschmeier*, 269 F. App'x at 944 (citations omitted).

Ultimately, Defendant is the final policymaker. Plaintiff has not plausibly alleged Defendant ratified Dr. Barfield's purportedly unconstitutional decision or that it delegated policymaking authority to Dr. Barfield. Because Plaintiff fails to allege a basis for *Monell* liability, her claim fails.

Even assuming Plaintiff alleged municipal liability, she still fails to state a retaliation claim. To prevail on a First Amendment retaliation claim against Defendant, Plaintiff must allege: (1) she engaged in speech on a matter of public concern, (2) her First Amendment interest in the speech outweighed Defendant's interest in prohibiting the speech to promote the efficiency of the public services it performs through its employees, and (3) her speech played a substantial part in an adverse employment action taken against her by Defendant. *See Bosarge v. Mobile Area Water & Sewer Serv.*, No. 20-14298, 2022 WL 203020, at *10 (11th Cir. Jan. 24, 2022). "To involve a matter of public concern, a government employee's speech must relate to any matter of political, social, or other concern to the community." *Maggio v. Sipple*, 211 F.3d 1346, 1351–52 (11th Cir. 2000) (cleaned up and citation omitted). "An

employee's private self-interest in improving the conditions of her employment, without more, is not a matter of public concern." *Mulloney v. Polk Cnty. Bd. of Cnty. Comm'rs*, No. 8:17-CV-2573-T-36TGW, 2019 WL 13271780, at *7 (M.D. Fla. Aug. 16, 2019) (citing *Morgan v. Ford*, 6 F.3d 750, 755 (11th Cir. 1993)). Plaintiff fails to satisfy the first element.

Plaintiff does not explicitly allege what speech caused Defendant's retaliatory conduct.[3] That said, she alleges Defendant—who was aware of Plaintiff's complaints regarding disability discrimination—ratified Dr. Barfield's unlawful termination through a formal board vote during a November 9, 2023, school board meeting. (Doc. 28 ¶ 19). Based on this allegation, it seems Plaintiff bases her claim on her complaints to Dr. Barfield regarding being subjected to disability discrimination. This is a problem.

Despite being conclusory, Plaintiff's allegation establishes her internal complaints to Dr. Barfield were about "being subjected to" discriminatory treatment, a hostile work environment, and adverse employment actions because of her mental health disabilities. (Doc. 28 ¶ 18). "Generally, such speech which exposes personally suffered discrimination for personal benefit is not entitled to First Amendment protection." *Badia v. City of Miami*, 133

---

[3] Plaintiff does allege that this count "incorporates by reference Paragraphs 1-14, 17-21 of this Complaint as though fully set forth below." (Doc. 28 ¶ 79). These paragraphs encompass Plaintiff's published book and her internal complaints to Dr. Barfield. But applying either to Plaintiff's First Amendment claim fails.

F.3d 1443, 1445 (11th Cir. 1998). Indeed, the "main thrust" of Plaintiff's complaints suggests a private employee grievance to improve her personal working condition. *See Morgan*, 6 F.3d at 755 (holding an employee's complaint about alleged sexual harassment did not address a matter of public concern because the "main thrust" of her speech was a "private employee grievance" to improve her personal working conditions); *Henry v. City of Tallahassee*, 149 F. Supp. 2d 1324, 1328 (N.D. Fla. 2001) (explaining that when "an employee complains that he was the victim of discrimination and/or retaliation and does so for personal benefit, the main thrust of such speech will rarely, if ever, qualify as speech on a matter of 'public concern.'"). Because Plaintiff has not alleged her complaints involve a matter of public concern, the First Amendment does not protect them.

To the extent Plaintiff intended to base this claim on her published book, she cannot do so. To maintain a First Amendment retaliation claim, "a plaintiff must show that the decision-makers were aware of the protected conduct[.]" *Eisenberg v. City of Miami Beach*, 54 F. Supp. 3d 1312, 1324 (S.D. Fla. 2014) (citing *Thampi v. Manatee Cnty. Bd. of Comm'rs*, 384 F. App'x 983, 990 (11th Cir. 2010)). Plaintiff never alleges Defendant knew about her published book. She only alleges Defendant knew about Plaintiff's complaints when it adopted Dr. Barfield's decision. So the Court dismisses count VI.

Accordingly, it is now

**ORDERED:**

1. Defendant's motion to dismiss (Doc. 28) is **GRANTED.**

2. Counts III, IV, and VI are **DISMISSED.**

**DONE** and **ORDERED** in Fort Myers, Florida on November 3, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record